### SCHWARTZ v. SABLE.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. CONTRACTS &#10132;321—ACTIONS—RIGHT OF RECOVERY.

.No recovery can be had on a contract for work on a building, where there has been no performance or even substantial performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508–1527; Dec. Dig. &#10132;321.]

---

&#10132;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⚖1178—REVIEW—DETERMINATION.

    Where plaintiff sued on two causes of action, and, though he did establish one cause of action, verdict in a lump sum was rendered for him on both, the judgment will be reversed, and complaint dismissed as to first cause of action, and new trial granted as to the other.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. ⚖1178.]

Appeal from City Court of New York, Trial Term.

Action by Isaac Schwartz against Louis A. Sable. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed, as to one cause of action; and, as to the other, reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Oglesby & Barnes, of New York City (Arthur S. Barnes, of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

GUY, J. The plaintiff sued on two causes of action—one upon an agreement between the parties by which the plaintiff undertook to perform work and furnish materials in connection with tenement house violations against premises owned by the defendant for the consideration of $330; the other for extra work done on said premises upon the request of defendant.

It is conceded that the parties made a contract on or about October 23, 1911, by which the plaintiff for the sum of $230 obligated himself to do certain specified items of work on the property in question, in order to effect the removal of the violations. The plaintiff, however, refused to act under the contract of October 23, 1911, until on or about June 10, 1912, when, in consideration of defendant paying $100 more, thus making the contract price $330, instead of $230, he signed a paper, prepared by the defendant, in which it is stated that the plaintiff will start to work at once and complete the same on or before June 24, 1913.

[1] While the plaintiff, by reason of the work performed by him on the premises, procured the removal of the violations, his own testimony established that he did not perform, or substantially perform, all that was required of him by the written contract of October 23, 1911, which the evidence shows was continued in all its requirements by the renewal agreement of June 10, 1912. It follows that, in so far as the plaintiff's first claim is concerned, for work which was included in the written contract of October 23, 1911, he failed to establish a cause of action.

[2] With respect to the extra work, while some of these items appear to have been included in another written contract between the parties, dated July 2, 1912, for the doing of work required by the board of fire underwriters, and other items seem to be embraced in the October, 1911, contract, it is not clear from the record that the plaintiff failed to prove a right to recover for any extra work, and the verdict was for a lump sum for both causes of action.

Judgment reversed, with costs, and complaint dismissed, with costs, as to first cause of action for removal of violation. As to claim for extra work, judgment reversed, and a new trial ordered, without costs of appeal to either party. All concur.